UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TODD HAROLD MARTIN,<br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>  Defendant. | No. 2:24-cv-208<br><br>Honorable Paul L. Maloney |

### OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Vermaat's Report and Recommendation (R&R). (ECF No. 12). In the R&R, Magistrate Judge Vermaat recommended that the Commissioner's decision be affirmed. Plaintiff filed objections. (ECF No. 13). Plaintiff argues that the ALJ did not properly explain his treatment of opinions from two medical sources, Dr. Castro and Dr. Manlick. The Court finds that the ALJ did properly consider these opinions and explain how they factored into his analysis, as Magistrate Judge Vermaat found in the R&R. To the extent that there is any erroneous gap in explanation, it is harmless. The Court will thus adopt the R&R in full.

### I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

This is a social security case involving the appeal of an administrative law judge's decision. Judicial review of an ALJ's decision "is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see* 42 U.S.C. § 405(g). An ALJ's findings are supported by substantial evidence if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Blakley*, 581 F.3d at 406 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

## II.

Plaintiff raises three objections to the R&R. First, he argues that the ALJ did not offer sufficient reasoning to reach a conclusion on social limitations other than the one offered by Dr. Castro. Second, he argues the ALJ's conclusions on social limitations conflict with Dr.

Castro's opinion. Third, he argues that the ALJ did not have substantial evidence to support his evaluation of the opinion of Dr. Manlick.

### A. The Objections Related to Dr. Castro's Opinion Are Overruled Because the ALJ Adequately Explained Conflicts Between the ALJ's Findings and Dr. Castro's.

The first two objections substantially relate to one another. If an ALJ's "RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7. In discussing a medical opinion's persuasiveness, an ALJ must explain at least the factors of supportability and consistency. 20 C.F.R. § 404.1520c. Supportability refers to the extent to which objective evidence and explanations underlying a medical opinion support that opinion, *id.* § 404.1520c(c)(1), while consistency refers to the extent to which a medical opinion is in accordance with other record evidence, *id.* § 404.1520c(c)(2). As relevant to Plaintiff's objections, the ALJ found, "[a]fter careful consideration of the entire record," (ECF No. 3-2 at PageID.32), that Plaintiff "can have occasional interaction with public and supervisors," (*id.* at PageID.33). Dr. Castro determined that Plaintiff "is capable of . . . accepting instructions" and "interacting with coworkers and supervisors on a superficial basis" and "would work best in a non-public setting." (ECF No. 3-7 at PageID.199). Dr. Castro's was not the only opinion relevant to the ALJ's conclusion on these social limitations. Dr. DeLoach determined that Plaintiff was capable of "occasional public contact" and that he had no limitations on his ability to accept instructions, respond appropriately to supervisor criticism, or interact with coworkers. (*Id.* at PageID.213).

Plaintiff argues that the ALJ's conclusion conflicts with Dr. Castro's and that the ALJ did not properly address this conflict. The differences between the ALJ's conclusions and Dr. Castro's are, first, Dr. Castro's assessment that Plaintiff "would work best in a non-public setting," (ECF No. 3-7 at PageID.199), as compared to the ALJ's finding that Plaintiff "can have occasional interaction with" the public, (ECF No. 3-2 at PageID.33); second, Dr. Castro's assessment that Plaintiff can interact with "supervisors on a superficial basis," (ECF No. 3-7 at PageID.199), as compared to the ALJ's finding that Plaintiff can "have occasional interaction with" supervisors, (ECF No. 3-2 at PageID.33); and third, Dr. Castro's assessment that Plaintiff can interact with "coworkers" on a "superficial basis," (ECF No. 3-7 at PageID.199), as compared to the ALJ's lack of restriction on Plaintiff's interaction with coworkers.

The first difference, related to interactions with the public, is illusory. Dr. Castro's language assessing the setting in which Plaintiff would "work best," (ECF No. 3-7 at PageID.199), suggests an evaluation of an ideal situation, while the ALJ described what Plaintiff was capable of even outside of the ideal situation. These are not the same; "the question of an individual's residual functional capacity centers on the conditions *necessary* for the individual to complete work despite his limitations," and the "question of a claimant's optimal functioning is outside the scope of" that analysis. *Hammons v. Comm'r of Soc. Sec.*, No. 2:21-cv-12933, 2023 WL 2263856, at *2 (E.D. Mich. Feb. 28, 2023). The opinion most relevant to Plaintiff's social limitations in interacting with the public was Dr. DeLoach's, and the ALJ's determination is wholly consistent with Dr. DeLoach's opinion on that issue.

The second difference, related to interactions with supervisors, is only as meaningful as the difference between the terms "superficial" and "occasional." These terms do not inherently have specific meanings suggesting a conflict between them. *See Stephen D. v. Comm'r of Soc. Sec.*, 734 F. Supp. 3d 729, 738 (S.D. Ohio 2024) ("'[O]ccasionally' does not create a sufficient conflict with 'superficially' when applied to 'interactions,' such that the ALJ would be required to explain that change."); *Mabry-Schlicher v. Comm'r of Soc. Sec.*, No. 24-3811, 2025 WL 1604376, at *4-5 (6th Cir. June 6, 2025) (explaining that "superficial" contact limitations are not specifically defined in social security regulations or guidance). As used in this context, the terms' ordinary meanings suggest that "superficial" is mostly qualitative and "occasional" is mostly quantitative. *Stephen D.*, 734 F. Supp. 3d at 737. But that difference collapses in reality, as an interaction with a short quantitative measure is likely also a qualitatively shallow one. *See id.* at 738 (discussing how a person limited to a short time interacting with others likely also "lacks time to interact socially on a non-superficial level"). Further, even when an ALJ finds a medical opinion persuasive, the ALJ does not have to adopt it verbatim or adopt every element of it. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015); *Nasser v. Comm'r of Soc. Sec.*, 598 F. Supp. 3d 614, 626 (E.D. Mich. 2022). The ALJ here explained the linguistic differences between the ALJ's conclusions and Dr. Castro's as arising from the need to "fully encompass and account for all areas of mental difficulties." (ECF No. 3-2 at PageID.38). Since there is no substantive difference in how the ALJ and Dr. Castro treated the limitations on interactions with supervisors, the ALJ did not need to explain further.

The third difference, related to interactions with coworkers, was adequately explained by the ALJ to the extent an explanation may have been required. *See White v. Comm'r of Soc. Sec.*, 970 F. Supp. 733, 742 (N.D. Ohio 2013) (explaining that ALJs are not legally required to incorporate all of the limitations in a medical opinion or "explain why [the ALJ] did not adopt them in full"). Here, there actually is a substantive difference, in that the ALJ did not assess a limitation on Plaintiff's interaction with coworkers while Dr. Castro did. Dr. DeLoach, though, did not assess any limitations on interactions with coworkers. In discussing Dr. Castro's opinion, the ALJ noted agreement with "the assessed levels of limitations in the four broad areas of mental functioning as well as . . . with the specific difficulties the claimant faces because of his mental health systems." (ECF No. 3-2 at PageID.37). Neither the ALJ's summary of Dr. Castro's "domain findings," (*id.*), nor Dr. Castro's Mental Residual Functional Capacity Assessment contain any findings which unambiguously support a limitation on interactions with coworkers, (*see* ECF No. 3-7 at PageID.195-99). Dr. Castro noted that Plaintiff is "[n]ot significantly limited" in his "ability to work in coordination with or in proximity to others without being distracted by them" or his "ability to ask simple questions or request assistance," and that there is "[n]o evidence of limitation" in his "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes" or his "ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness." (*Id.* at PageID.196-98). It is true that the ALJ did not note these findings as examples of inconsistencies in Dr. Castro's report. But the ALJ did note other examples of inconsistencies when describing Dr. Castro's opinion as only "generally internally consistent." (ECF No. 3-2 at PageID.37). The ALJ found Dr.

6

DeLoach's opinion "generally persuasive." (*Id.* at PageID.39). The record thus contains substantial evidence for the ALJ's conclusion: Dr. Castro's opinion suggested a limitation on interaction with coworkers without justification, but Dr. DeLoach offered a persuasive opinion which suggested no limitations on interactions with coworkers.

While the ALJ could have been more explicit in outlining why Dr. DeLoach's opinion was more persuasive than Dr. Castro's on the specific issue of limitations on interactions with coworkers, that does not justify remanding the case. To the extent that the ALJ may have erred, the error was harmless; the small gap in the ALJ's direct explanations does not suggest that the ALJ failed to meet "the regulatory goal of addressing the opinions" of medical sources. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 748 (6th Cir. 2007); *see Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 471 (6th Cir. 2006). The ALJ discussed the parts of Dr. Castro's report which were supported by objective evidence and the internal inconsistencies of Dr. Castro's report. The ALJ also discussed generally whether the parts of Dr. Castro's opinion which the ALJ determined were supported by findings in her report were consistent with other available evidence. The ALJ had substantial evidence to support his conclusions, and any small gaps in explanation were harmless to the extent they were error at all. The objections related to the ALJ's treatment of Dr. Castro's opinion are thus overruled.

### B. The Objection Related to Dr. Manlick's Opinion is Overruled Because the Record Contains Substantial Evidence for the ALJ's Conclusions.

Plaintiff argues that the ALJ's conclusion that Dr. Manlick's opinion was not supported by treatment notes and examinations is not supported by substantial evidence

7

because "the cited evidence . . . do[es] not actually conflict with the parts of Dr. Manlick's opinion finding poor or no ability. Dr. Manlick only found poor or no ability in social abilities related to getting along with coworkers, not supervisors." (ECF No. 13 at PageID.1979). Magistrate Judge Vermaat summarized the medical record as indicating that Plaintiff is "generally stable and euthymic, with good insight and judgment." (ECF No. 12 at PageID.1975). Plaintiff does not object to the contents of the record cited in the R&R or Magistrate Judge Vermaat's characterization of the record, instead arguing only that the cited evidence is not inconsistent with Dr. Manlick's opinion that Plaintiff has poor or no ability to get along with coworkers.

The conclusions that Plaintiff is stable, and has appropriate affect, appropriate thought content, good insight and judgment, normal impulse control, and euthymic mood, suggest that Plaintiff is not substantially limited in social interaction. Intuitively, these factors indicate the capacity for normal social interaction. Plaintiff offers no explanation of how these findings are *consistent* with Dr. Manlick's opinion. Plaintiff does not point to anything in the record to suggest that Dr. Manlick had a basis in his treatment notes or mental status examinations to support his opinion that Plaintiff is limited in his ability to interact with coworkers. At best for Plaintiff, Dr. Manlick had no support for his opinion on social interaction with coworkers, and the ALJ's conclusion that Dr. Manlick's opinion was of "limited persuasive value" would still have substantial support in the record on that basis. But the ALJ also enumerated many facts that did appear to conflict with Dr. Manlick's opinion, further bolstering the ALJ's conclusions. In the absence of a factual explanation of how the enumerated facts are in fact consistent with Dr. Manlick's conclusions, the Court finds no

8

error in the ALJ's opinion or the R&R regarding the treatment of Dr. Manlick's opinion. The third objection is thus also overruled.

     Plaintiff's objections fail to reveal an error in the R&R. The R&R (ECF No. 12) is **ADOPTED IN FULL**. The decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED.**

Date:  November 12, 2025                   /s/ Paul L. Maloney  
                                                               Paul L. Maloney  
                                                               United States District Judge